STROMINGER v. HENCKEN & WILLENBROCK CO. et al. (two cases).

(Supreme Court, Appellate Term, First Department.　October 25, 1916.)

NEGLIGENCE ☞134(10)—VERDICT—LIABILITIES—SUFFICIENCY OF EVIDENCE.

In an action against a coal company and the owner of a house for injury from a coal hole, where the company was alleged to be using a coal chute, but where there was no evidence that its employés put in the coal, except that it came from its yard, a verdict against the company rested upon probabilities and conjecture, and could not be sustained.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 270; Dec. Dig. ☞134(10).]

Appeal from City Court of New York, Trial Term.

Actions by Jack Strominger and by Sadie Strominger against the Hencken & Willenbrock Company, impleaded with Sam Rudow. From a judgment entered in the City Court on the verdict of a jury, and from an order denying a motion for a new trial, the defendant company appeals. Judgment and order reversed, and new trial ordered.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Amos H. Stephens, of New York City (William B. Davis, of New York City, of counsel), for appellant.

Benjamin Schaffer, of New York City (Abraham Rosenstein, of New York City, of counsel), for respondent.

SHEARN, J.　This is a coalhole case in which the plaintiff has recovered a verdict against both the owner of the house and the coal company alleged to have been using the coalhole immediately prior to the accident. The owner has not appealed, but the coal company contends that the men who were putting coal into the cellar were not its employés. As the coal that was being put into the cellar came from the coal company's place of business, slight evidence that the coal company's employés delivered it was required. Nevertheless, some evidence was necessary from which the inference could legally be drawn that defendant's employés put in coal. There is no such evidence in the record. No witness identified the men who put in the coal or described the wagon that brought the coal. It appears that one Lubauer, an independent coal dealer who bought from the defendant coal company a large amount of coal in small quantities for tenants in tenement houses and got his orders through janitors and other residents of tenement houses and delivered by means of hired wagons, had a desk in a little office in the defendant company's yard. It was evidently to Lubauer that the order for the coal in question was given. Whether Lubauer took the order as the defendant's agent or on his own account does not appear. The defendant company accommodated other small dealers as it did Lubauer. It certainly is just as probable that the coal was delivered by Lubauer as that it was delivered by the defendant company. The verdict, however, cannot rest upon mere probabilities and conjecture. There is no evidence on this head except that the coal came from the defendant company's yard.

It may not be inferred from this that the coal was delivered by the defendant company.

The judgment and order appealed from are reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.